UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APARTMENT RENTAL ASSISTANCE II, INC. AND JEFFERSON PLACE, LP<br>　　　Plaintiffs,<br><br>versus<br><br>LE PLACE OF JEFFERSON, a Louisiana Partnership-in-Commendam, AND<br>LE PLACE HOUSING FOUNDATION, L.L.C.,<br>　　　Defendants. | CIVIL ACTION NO.<br><br>JUDGE<br><br>MAGISTRATE |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs, Apartment Rental Assistance II, Inc. ("ARA") and Jefferson Place, LP ("JP") (collectively, "Plaintiffs"), which respectfully allege and seek relief as follows:

### PARTIES

1.

Plaintiff, ARA, is a California corporation with its principal place of business in Los Angeles, California, and for purposes of diversity jurisdiction is a citizen of California.

2.

Plaintiff, JP, is a Mississippi limited partnership, and for purposes of diversity jurisdiction is a citizen of New York and Florida.  JP has one general partner and three limited partners. The general partner of JP is MT Investments IV, LLC, a Mississippi limited liability company, the members of which are Todd Menowitz, a New York domiciliary, Fred Menowitz, a Florida domiciliary, and the Marc And Ellie Menowitz Family Trust, the trustee of which is

{N3016704.2}　　　　　　　　　　　　　　　1

Fred Menowitz, a Florida domiciliary. The limited partners of JP are Todd Menowitz, Fred Menowitz, and the Marc And Ellie Menowitz Family Trust.

3.

Made defendant herein is Le Place of Jefferson, a Louisiana Partnership-in-Commendam ("Le Place"), which for purposes of diversity jurisdiction is a citizen of Louisiana. The general partner of Le Place is Le Place Housing Foundation, L.L.C., a Louisiana limited liability company, the member of which is Jefferson Housing Foundation, which upon information and belief changed its name to Housing Corporation of America, a Louisiana non-profit corporation with its principal place of business in Jefferson Parish, Louisiana. The limited partner of Le Place is Jefferson Housing Foundation.

4.

Made defendant herein is Le Place Housing Foundation, L.L.C (together, with Le Place, "Defendants"), the general partner of Le Place, which for purposes of diversity jurisdiction is a citizen of Louisiana, and which is liable for the liabilities and debts of Le Place as the general partner of Le Place.

**JURISDICTION AND VENUE**

5.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial amount of the events or omissions giving rise to this claim occurred in this judicial district.

## NATURE OF THE ACTION

7.

ARA and JP are in the business of buying and selling real estate. ARA owns apartment units in Louisiana.

8.

ARA and Le Place entered into a Purchase and Sale Agreement (the "Purchase Agreement"), dated November 11, 2014, whereby Le Place agreed to sell, and ARA agreed to purchase, certain property that was owned by Le Place known as Jefferson Place Apartments in Marrero, Louisiana (the "Property"). A copy of the Purchase Agreement is attached hereto as Exhibit "1." On January 5, 2015, ARA assigned its rights and responsibilities under the Purchase Agreement to JP. This action concerns Le Place's breach of the Purchase Agreement.

## GENERAL ALLEGATIONS

9.

On or about January 30, 1997, the U.S. Department of Housing and Urban Development ("HUD") transferred the Property to the Parish of Jefferson through an Act of Sale dated January 30, 1997 (the "HUD Deed"').

10.

The HUD Deed requires the owner of the Property to maintain one-hundred and twelve (112) units as "affordable" for a period of thirty (30) years.

11.

The HUD Deed requires the written approval of HUD (generally, "HUD Approval") for certain measures taken with respect to the Property, including, but not limited to, a sale or conveyance of the Property, refinancing the Property, securing any loans with the Property,

making capital improvements for rehabilitating or renovating the Property, or changing the number or use of units on the Property.

12.

Le Place acquired the Property from the Parish of Jefferson on or about November 6, 1998, which transfer was recorded on or about November 20, 1998.

13.

On or about May 25, 2000, HUD and Le Place entered into a Housing Assistance Payments Contract ("HAP Contract") relative to certain units on the Property, whereby Le Place agreed to carry out certain management and maintenance functions relative to the Property, and whereby Le Place would receive housing assistance payments.  The HAP Contract is set to expire on January 31, 2016.

14.

In 2005, the Property was severely damaged by Hurricane Katrina, and only twenty (20) of the twenty-two (22) buildings, composing seventy-eight (78) units, were rebuilt at the site, leaving thirty-four (34) units that were not replaced.

15.

Subsequent to entering into the Purchase Agreement, ARA discovered that, upon information and belief, during Le Place's ownership of the Property, certain actions with respect to the Property that require HUD Approval under the HUD Deed were taken without HUD Approval in violation of the HUD Deed, including, but not limited to, loans secured with the Property, refinances, conveyances, and capital improvements to the Property (generally, "Unapproved Actions").

16.

Upon information and belief, Unapproved Actions were taken during Le Place's ownership of the Property with Le Place's knowledge and acquiescence.

17.

By letter dated July 11, 2014, from HUD to Nicole S. Kadomiya (upon information and belief, a previous prospective purchaser of the Property), to which Le Place was copied (hereinafter "HUD 2014 Letter"), HUD stated that "[t]here have been several subsequent conveyances and refinances since the original Deed was filed which were not approved by the Department," and that the "owner is not in compliance with the Deed or is in violation of Deed requirements."

**The Purchase Agreement**

18.

ARA and Le Place entered the into the Purchase Agreement with an Effective Date of November 11, 2014. Exhibit "1." On December 3, 2014, ARA and Le Place amended the Effective Date of the Purchase Agreement to December 3, 2014. Exhibit "2."

19.

The Purchase Agreement contemplates the transfer of the Property and the transfer of Le Place's right, title, and interest in the HAP Contract between the Le Place and HUD. Purchase Agreement, § 1(d).

20.

The Purchase Agreement contemplates that the transfer of the Property and of the HAP Contract requires HUD Approval.

21.

The Purchase Agreement provides that the Purchase Agreement shall terminated if the required HUD Approval is not obtained within one-hundred-and-twenty (120) days after the Effective Date of the Purchase Agreement. Purchase Agreement, § 5(d).

22.

The Purchase Agreement provides a purchase price of $2,400,000.00, and required an "Earnest Money Deposit" of $50,000.00 to be paid by ARA to the escrow agent within three days following execution of the Purchase Agreement and to be credited toward the purchase price, as well as a payment by ARA to Le Place of $25,000.00 upon execution of the Purchase Agreement. Purchase Agreement, §§ 1, 2, 3.

23.

On December 2, 2014, ARA paid the $50,000.00 Earnest Money Deposit and the $25,000.00 payment to Le Place in accordance with the terms of the Purchase Agreement. The $50,000.00 Earnest Money Deposit is in escrow, and the $25,000.00 payment is retained by Le Place.

24.

On February 3, 2015, in furtherance of its obligations under the Purchase Agreement, Plaintiffs applied to HUD for HUD Approval for the transfer of the Property and of the HAP Contract.  Plaintiffs reasonably requested Le Place's cooperation to obtain HUD Approval.

25.

HUD requested that Le Place provide HUD with certain documentation evidencing HUD Approval for Unapproved Actions during Le Place's ownership of the Property, including HUD Approval for refinancing and/or loans secured by the Property, and paid invoices and receipts documenting capital improvements for rehabilitation and renovations made to the Property.

26.

Le Place represented to Plaintiffs that Le Place had obtained HUD Approval for any Unapproved Actions and that Le Place had submitted documentation to HUD evidencing HUD Approval for any Unapproved Actions. Le Place made representations and warranties in the Purchase Agreement, including that there was no default or breach under the HUD Deed, and that Le Place had no notice of any violation under the HUD Deed. Purchase Agreement, § 11.

27.

Le Place did not obtain HUD Approval for Unapproved Actions, did not submit documentation to HUD evidencing HUD Approval for Unapproved Actions, and failed to cooperate with HUD's request for documentation evidencing HUD Approval for Unapproved Actions despite representations to Plaintiffs to the contrary.

28.

Plaintiffs have fulfilled their obligations under the Purchase Agreement.

29.

Le Place has failed to fulfill its obligations under the Purchase Agreement, has breached the Purchase Agreement, and is liable for specific performance and, alternatively, damages as set forth herein.

**COUNT ONE—BREACH OF PURCHASE AGREEMENT**

30.

Plaintiffs incorporate by reference and reallege all of the allegations in the foregoing Paragraphs as if fully set forth herein.

31.

On or about November 11, 2014, ARA and Le Place entered into the Purchase Agreement, which is a valid and enforceable contract.

32.

Section 5(d) of the Purchase Agreement states that "Buyer shall be responsible for applying to HUD and LOCD for the required approvals with cooperation from Seller to the extent as it may reasonably be requested."

33.

Section 20(s) of the Purchase Agreement states that "Buyer and Seller agree to take all reasonable action to diligently complete all required processing on as timely a basis as possible with respect to processing of the HAP Contract with HUD."

34.

Section 11 of the Purchase Agreement provides certain representations and warranties that Le Place represents as "true, accurate, and complete as of the Effective date," including, but not limited to:

i) Subsection (x), stating that there is no default or breach under any covenant, condition, or restriction that is to be complied with by Seller;

ii) Subsection (xiii), stating that Seller possesses all authorizations and all other approvals necessary for the current use and operation of the Property;

iii) Subsection (xiv), stating that Seller has received no notice of any violations from any federal, state or local governmental agency, department, commission, bureau or authority except as have been previously cured or remedied; and

iv) Subsection (xvii), stating that Seller is not in default under any of the terms, covenants, or provisions of the HAP Contract and that Seller knows of no event which, but for the passage of time, or the giving of notice, or both, would constitute an event of default by Seller or HUD under the HAP Contract.

35.

Le Place breached the Purchase Agreement by failing to cooperate in obtaining HUD Approval for the sale of the Property as set forth in Section 5(d) of the Purchase Agreement, and specifically by failing and/or refusing to provide HUD certain information requested of Le Place by HUD, including, but not limited to, documentation evidencing HUD Approval for Unapproved Actions.

36.

Le Place breached the Purchase Agreement by failing to take reasonable action to diligently complete all required processing on as timely a basis as possible with respect to the processing of the HAP Contract with HUD as set forth in Section 20(s) of the Purchase Agreement.

37.

Le Place breached the Purchase Agreement knowingly making false, inaccurate, and incomplete representations and warranties as set forth in Section 11 of the Purchase Agreement. Le Place represented to Plaintiffs that it had obtained HUD Approval for any Unapproved Actions, that there was no default or breach under the HUD Deed, and that it had no notice of any violation under the HUD Deed. Le Place did not obtain HUD Approval for the Unapproved Actions, and had knowledge and notice of a default, breach, and violation of the HUD Deed.

38.

As a result of Le Place's breach of the Purchase Agreement, the parties were unable to obtain HUD Approval for a transfer of the Property and of the HAP Contract.

39.

The Purchase Agreement expressly provides that "Buyer shall have the right to sue Seller for specific performance of this Agreement." Purchase Agreement, § 13(b). Under the Purchase

Agreement and under Louisiana law, Plaintiffs are entitled to specific performance by Le Place of its obligations under the Purchase Agreement.

40.

In the alternative, should specific performance not be available, Plaintiffs are entitled to monetary damages against Le Place for all damages caused by Le Place's breaches of the Purchase Agreement, including, but not limited to, all sums paid to Le Place under the terms of the Purchase Agreement, Plaintiffs' payment of a $50,000.00 Earnest Money Deposit, Plaintiffs' payment of $25,000.00 to Le Place, and any and all other sums to which Plaintiffs are entitled.

41.

In addition, pursuant to Section 11(a)(xx) of the Purchase Agreement, Plaintiffs are entitled to receive a credit at Closing of the cost to effectuate a cure of Le Place's breach of its representations and warranties based upon Le Place's failure to remedy that breach to the reasonable satisfaction of Plaintiffs.

42.

The Purchase Agreement entitles Plaintiffs to recover attorneys' fees for the prosecution of this action, and Plaintiffs are entitled to recover from Defendants all damages caused by them, including and all costs of this proceeding any and all other such relief as the Court may deem just and equitable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, Apartment Rental Assistance II, Inc. and Jefferson Place LP, pray that, after due proceedings had, the Court enter a judgment in its favor, and against Defendants, Le Place of Jefferson, a Louisiana Partnership-in-Commendam, and Jefferson Housing Foundation, L.L.C., and that the following relief be granted:

   i)   finding that Le Place is in breach of a valid and enforceable Purchase Agreement;

ii) finding that Plaintiffs are entitled to specific performance of the Purchase Agreement;

iii) in the alternative, finding that Plaintiffs are entitled to recover monetary damages from Defendants in an amount to be proven at trial, including prejudgment and post-judgment interest at the highest rate allowed by law;

iv) finding that Plaintiffs are entitled to reasonable attorneys' fees and costs incurred by Plaintiffs for prosecution and trial of this matter, and for any appeals; and

v) for any and all other such relief as the Court may deem just and equitable.

Respectfully submitted,

*/s/ Edward D. Wegmann*_____
EDWARD D. WEGMANN (No. 13315)
GRAHAM H. RYAN (No. 34070)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Phone: (504) 582-8226
Fax: (504) 589-8226

*Attorneys for Plaintiffs, Apartment Rental Assistance II, Inc. and Jefferson Place, LP*