UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APARTMENT RENTAL ASSISTANCE II, INC. ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-1540 |
| LE PLACE OF JEFFERSON ET AL. | SECTION "B" (2) |

## ORDER AND REASONS ON MOTION

Plaintiffs' Motion to Compel, Record Doc. No. 27, is pending before me in this matter. Defendant filed a timely memorandum in opposition. Record Doc. No. 28. Plaintiffs were granted leave to file a reply. Record Doc. Nos. 36, 38-39. Oral argument was conducted before me on February 17, 2016. Having considered the record, the applicable law and the oral argument of counsel, **IT IS ORDERED** that the motion is DENIED for the following reasons.

The subject Requests for Production Nos. 3, 5, 6, 7, 9, 10, 12 and 19 are overly broad in the extreme. They contain no limit to any particular time period, and are so broad that they fail to describe the requested items "with reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A). The summary description of materials plaintiffs seek and the purposes for which they are sought contained in their reply memorandum,[1] illustrate their unreasonable

---

[1] "To trace the debt [on the subject property] to specific capital improvements, the required documents include paid invoices and checks from the years 2007 to 2015; annual general ledgers from 2007 through 2015; bank statements from 2007 through 2015; and, if available, annual debt statements. Id. Simply stated, the debt needs to be tied to specific capital improvements using "[p]roof of payment for capital improvements, rehabilitation or reconstruction [including] **[p]aid invoices** [and] **[c]ancelled checks**," as well as "**Sources and Uses; Cash Flow Analysis**." 5/04/2015 HUD Letter to Sellers (Doc. Doc. 27-4) (emphasis added). Plaintiffs have been seeking that same documentation that HUD has continually requested, which was central to the transaction." Record Doc. No. 39 at p. 4.

breadth and doubtful, at best tangentially relevant nature. As defendants' objections rightly point out, these requests for production sweep so broadly that they seek much that is irrelevant and not discoverable.

Despite the vast range of the requests, defendants did not stonewall plaintiffs' discovery efforts. As explained in the opposition memorandum, Record Doc. No. 28 at pp. 8-12, defendants' actual production of documents was sufficient within the permissible scope of discovery, as to both relevance and proportionality. Defendants' description of materials that they have not produced, id. at p. 8, establishes that their objections to producing those materials were well-founded.

Plaintiffs' reliance on what HUD may have requested and/or said and/or may still be requesting or believes it should have obtained from its own separate requests for documentation from defendants is neither germane nor a reliable basis for finding that defendants' discovery responses to plaintiffs' requests for production are somehow deficient. Defendants' opposition memorandum, signed pursuant to Fed. R. Civ. P. 11(b), states in pertinent part: "Defendants have produced all documents responsive to Requests for Production, Requests Nos. 3, 5, 6, 7, 9, and 10, **except** for . . . and (2) in any event such documents are no longer in Defendants' possession, having been destroyed in 2005 in Hurricane Katrina. Specifically, Defendants have furnished all documentation on all of the recorded and unrecorded debt to be approved or, actually, re-approved by HUD and paid out of closing and it has produced its audited financial statements certifying to this supporting documentation and information. . . . Defendants decided to go ahead and

produce all of the documentation requested by HUD and did so on June 2, 2015 via transmittal of a USB Flash Drive containing all of the documents." Record Doc. No. 28 at pp. 8-10.

This is a discovery motion, not a preliminary disposition of the case based upon whether defendants complied with their HUD obligations. The question raised by this motion is whether, in response to objectionably broad requests for production, defendants have responded with production of materials within both the permissible scope of discovery and their possession, custody or control. They have done so, and no further responses will be required, other than the production of one additional item proffered by defense counsel at the hearing.

Plaintiffs' request for a further extension of the discovery and expert disclosure deadlines is also denied. Only four weeks ago, Judge Lemelle addressed a similar request and in doing so noted plaintiffs' lack of diligence in failing timely to anticipate what they might need in connection with this case. Record Doc. No. 20. This latest request offers nothing that might prompt me to alter what Judge Lemelle has already said and done.

New Orleans, Louisiana, this ___19th___ day of February, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE